[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant, Harold Stein, Trustee (Mr. Stein), filed a motion for summary judgment on the plaintiff's, Hazel Crochetiere (Ms. Crochetiere), revised complaint sounding in negligence and on Mr. Stein's counterclaims dated December 12, 1995. Ms. Crochetiere slipped and fell inside a building owned by Mr. Stein and leased by Ms. Crochetiere's employer, Allied Controls Inc. (Allied Controls). Mr. Stein argues that he is entitled to judgment on Ms. Crochetiere's complaint because Allied Controls was in possession and control of the leased premises where Ms. Crochetiere slipped and fell. Mr. Stein also argues that he is entitled to summary judgment on his counter-claims because of the contractual indemnification terms contained in the lease with Allied Controls.
Ms. Crochetiere counters that Mr. Stein's motion for summary judgment should be denied because there remains a genuine issues of material fact whether Mr. Stein was in possession and control of the area in question.
"Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly CT Page 5614 the issue of control." Charest v. Burger King Corporation,
Superior Court, judicial district of Hartford-New Britain, Docket No. 395749 (March 3, 1993, Aurigemma, J.). "Unless it is definitely expressed in the lease, the issue of which party retained control is a question of fact." Alford v. Kent AntiqueCenter, Superior Court, judicial district of Litchfield, Docket No. 068435 (January 16, 1997, Pickett, State Judge Referee).
The lease between Mr. Stein and Allied Controls states in pertinent part:
8. Maintenance and Repairs
 (a) Throughout the term of this Lease, Lessee, at its own cost and expense, agrees to take good care of, maintain, repair and replace the interior of the demised premises, including all equipment, mechanical components and utility systems such as the electrical system, air conditioning, heating, plumbing and water, sewer and gas connections, within or servicing the demised premises.
 (c) The Lessor agrees to make all necessary exterior and structural repairs, throughout the term of this Lease.
 12. Lessee's Property
 Lessor shall not be liable for any damages to property of Lessee or of other located on the demised premises, nor for the loss of or damage to any property of Lessee or for others by theft or otherwise, except if caused by a negligent act of omission of Lessor or its agents. Lessor shall not be liable for any injury or damage to persons or property resulting from fire, explosion, falling plaster, steam, gas electricity, water, rain or snow or leaks from any part of the demised premises or form the pipes, appliances or plumbing works or form the roof, street or subsurface of from any other place or by dampness or by any other cause of whatsoever nature, except if caused by the negligent act of Lessor or its agents.
CT Page 5615 (Emphasis added.)
 14. Indemnity and Insurance
 The Lessee shall save the lessor harmless from and indemnify it against any and all liability on account of personal injury or property damage, or both, sustained by any and all persons on the demised premises. . .
Pursuant to the terms of the lease, Mr. Stein may be responsible for injuries caused by his negligence. The documents submitted by the parties demonstrate that there remains a genuine issue of material fact whether Mr. Stein negligently maintained the building's roof which resulted in damage to floor tiles where Ms. Crochetiere slipped and fell. (Deposition of David Sudol, plant manager of Allied Controls, dated June 7, 1996; Deposition of Ms. Crochetiere dated May 2, 1996; Affidavit of Mr. Stein dated May 16, 1996).
The deposition of David Sudol (Mr. Sudol) also does not resolve the issue of control. Both Ms. Crochetiere and Mr. Stein rely on the deposition of Mr. Sudol to support their positions. Mr. Sudol stated in his deposition that Allied Controls was responsible for maintaining the floors inside the leased premises. (Deposition of Mr. Sudol, pp. 11-12). Mr. Sudol also stated in his deposition that he felt that Mr. Stein should have repaired or replaced the tiles in the area where the plaintiff fell. (Deposition of Mr. Sudol, p. 28). Therefore, the assertions of Mr. Sudol do not resolve the issue of which party had control. See Alford v. Kent Antique Center, supra, Superior Court, Docket No. 068435.
Accordingly, there remains a genuine issue of material fact on the issue of possession and control. Mr. Stein's motion for summary judgment on Ms. Crochetiere's complaint is denied.
Finally, the lease read as a whole does not clearly demonstrate that Allied Control must indemnify Mr. Stein if he is found liable for Ms. Crochetiere's injuries. Therefore, there remains a genuine issue of material fact as to whether Allied Controls must indemnify Mr. Stein. Accordingly, Mr. Stein's motion for summary judgment on his counterclaims is denied.
GILL, J. CT Page 5616